USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIAN SI LU,

                      Petitioner,      OPINION AND ORDER

    -against-                           04 Civ. 8856 (JGK)
                                                 01 CR. 38-01 (JGK)
UNITED STATES OF AMERICA,

                      Respondent.

---

JOHN G. KOELTL, District Judge:

    The petitioner, Tian Si Lu ("Lu"), brings this motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. Lu was charged in a four-count indictment that charged him with the following crimes: (1) conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203(a); (2) hostage taking, in violation of 18 U.S.C. §§ 1203(a) and 2; (3) conspiracy to commit alien smuggling, in violation of 18 U.S.C. § 371; and (4) alien smuggling, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. Lu was convicted on all four counts and sentenced principally to 168 months of imprisonment. The judgment of conviction was entered on August 26, 2002. On August 12, 2003, the Court of Appeals for the Second Circuit affirmed the judgment of conviction. See United States v. Si Tian Lu, 339 F.3d 143 (2d Cir. 2003).

1

On November 5, 2004, Lu filed the present petition with this court. Lu raises three claims. First, Lu argues that his sentence is unconstitutional under United States v. Booker, 541 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Second, Lu argues that he was denied the effective assistance of counsel because his trial counsel failed to explain properly the significance of the Government's plea offer, in effect depriving him of the opportunity to decide whether to plead guilty or not guilty. Third, the petitioner argues that the jury instructions precluded him from offering a consent defense to the hostage charges. The arguments are without merit.

I.

Lu contends that his sentence was unconstitutional under Booker and Apprendi. On January 12, 2005, the United States Supreme Court held that the Federal Sentencing Guidelines were unconstitutional to the extent that they were mandatory, but that they remained in effect as advisory guidelines. See Booker, 543 U.S. at 245. The petitioner contends that Booker so changed the meaning of the Sentencing Reform Act that it announced a new substantive rule that must be applied to this case. While new constitutional rules of criminal procedure are not generally

2

applicable to those cases that have become final before the new rule is announced, see Teague v. Lane, 489 U.S. 288, 310 (1989), "[n]ew substantive rules generally apply retroactively." Schriro v. Summerlin, 542 U.S. 348, 351 (2004) (emphasis in original). In Guzman v. United States, 404 F.3d 139 (2d Cir.), cert. denied, 126 S.Ct. 731 (2005), the Court of Appeals for the Second Circuit held that because "Booker did not alter the range of conduct subject to any sentence," it "did not establish a substantive rule." Id. at 142. Because Booker did not establish a new substantive rule, "it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005." Id. at 144. Because Lu's conviction was final before January 12, 2005, his challenge to his sentence under Booker fails. See Chacko v. United States, Nos. 96 Cr. 519, 04 Civ. 2258, and 05 Civ. 246, 2005 WL 1388713 at *5 (S.D.N.Y. June 8, 2005).

The petitioner also argues that, if Booker did not establish a new rule, then it was dictated by the Supreme Court's holding in Apprendi and Apprendi should have been applied to the sentencing in this case. Before Booker was decided, Apprendi, which was decided on June 26, 2000, had restricted judicial sentencing discretion by requiring that "any fact that increases the penalty for a crime beyond the

3

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. The petitioner argues that because Booker merely clarified the Apprendi rule in the context of the Sentencing Guidelines, this court should have applied the rule first set forth in Apprendi when it determined Lu's sentence.

The petitioner's claim is procedurally barred. Apprendi had been decided at the time of the petitioner's direct appeal, but he failed to raise the issue in that appeal. The general rule is that a petitioner's failure to raise an issue on direct appeal precludes the petitioner from raising it on collateral review, absent a showing of cause and prejudice. See Massaro v. United States, 538 U.S. 500, 504 (2003). The petitioner argues that raising his Apprendi claim on direct review would have been futile, because its holding had not yet been extended to the Sentencing Guidelines, although it was eventually applied to the Sentencing Guidelines in Booker. The United States Supreme Court has rejected futility as sufficient cause to excuse a procedural default. Specifically, the Court has held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Bousley v. United States,

4

523 U.S. 614, 623 (1998) (internal citation and quotation marks omitted). Lu's "cause" for not raising his Apprendi claim on appeal is that the Court of Appeals would not have accepted the argument at the time. That argument is unavailing under Bousley.[1]

Even if the petitioner had shown valid cause for his procedural default, Lu cannot show that but for raising his Apprendi claim on direct review, he suffered actual harm. If that holding had been applied on direct review, it would not have changed the outcome of his case. At the time of the petitioner's sentencing and his direct appeal, it was well established that Apprendi did not apply where the sentence imposed was not greater than the prescribed statutory maximum for the offense of conviction, irrespective of the applicable Sentencing Guideline range. See United States v. Thomas, 274 F.3d 655, 664 (2d Cir. 2001)(en banc); see also United States v. Garcia, 240 F.3d 180, 183 (2d Cir. 2001); Schultz v. United States, No. 05 Civ. 246, 2005 WL1529698 * 1 (S.D.N.Y. June 8, 2005). The sentence on each of the counts of the petitioner's conviction was within the maximum sentence prescribed by statute. The sentence was within the rule of Apprendi as

---

[1] The petitioner's claim could be reviewed on collateral review if the error "probably resulted in the conviction of one who is actually innocent." Bousley, 523 U.S. at 623 (internal citation omitted). There is no viable claim of actual innocence in this case.

5

applied by the Court of Appeals for the Second Circuit at the time of the appeal, and Lu was not prejudiced by any failure to raise an Apprendi argument on direct appeal.

The petitioner has therefore failed to show either cause or prejudice to excuse his procedural default.

## II.

Lu's second argument is that he was denied the effective assistance of counsel. He alleges that because neither the Government's evidence against him nor its plea offer was adequately explained to him by counsel, he was unable to make an informed decision to accept or reject the plea offer. While Lu asserts this argument in his petition signed by his counsel, he does not support his allegation with an affidavit or any other evidence, and indeed does not refer to this argument in his Reply Memorandum of Law in Support of the Petition.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for considering whether there was a denial of effective assistance of counsel. The petitioner must demonstrate both that 1) counsel's performance "fell below an objective standard of reasonableness," Id. at 688, and 2) that "there is a reasonable probability that, but for counsel's

6

unprofessional errors, the result of the proceeding would have been different." Id. at 694. Here, the petitioner does not meet either requirement.

The Second Circuit Court of Appeals, in applying the first prong of the Strickland test to plea offers, has explained that counsel "must communicate to the defendant the terms of the plea offer ... and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed." Purdy v. United States, 208 F.3d 41, 45 (2d Cir. 2000) (citations omitted). In his petition, Lu asserts that his counsel did not "adequately explain the ramifications of proceeding to trial instead of entering into [that] plea agreement." (Mot. to Vacate Sentence Pursuant to 28 U.S.C. § 2255, at 3). Lu offers no affidavit or any other evidentiary basis for this allegation. In contrast, the Government has submitted sworn affirmations by Lu's trial counsel attesting that they did indeed discuss the plea offer with Lu. According to these affirmations, Lu was advised of "the strength of the Government's case, the overwhelming evidence against him, … [and that] he was likely to get convicted on all counts." (See Exs. A and B to Government's Opp'n to Def. Tian Si Lu's Pet. Pursuant to 28 U.S.C. § 2255). The

7

petitioner has failed to establish even a prima facie case that the representation by his trial counsel was objectively unreasonable.

Moreover, the petitioner has failed to satisfy Strickland's second prong, because he has failed to show any prejudice. The petitioner asserts that his counsels' failure to explain the plea offer, in effect, denied him the opportunity to "make an informed decision to reject the plea agreement and proceed to trial." (Mot. to Vacate Sentence Pursuant to 28 U.S.C. § 2255, at 3). Lu has not submitted any affidavit explaining that he would have pleaded guilty but for his trial counsel's alleged deficient performance. Lu has not, therefore, borne his burden of establishing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Purdy, 208 F.3d at 49 (finding that Strickland's prejudice prong was not satisfied where the petitioner failed to demonstrate a reasonable probability that, but for his attorney's allegedly deficient counsel, he would have pleaded guilty). There is no evidence that the petitioner was prejudiced in any way by his counsel's advice in connection with the plea offer.

Section 2255 provides that the court shall grant a prompt hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also United States v. Aiello, 900 F.2d 528, 534 (2d Cir. 1990). The petitioner is entitled to a hearing if he can establish "a plausible claim of ineffective assistance of counsel." Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000) (internal quotation omitted).

A court may deny a § 2255 motion "without a testimonial hearing where (1) the allegations of the motion, accepted as true, would not entitle the petitioner to relief or (2) the documentary record, including any supplementary submissions such as affidavits, render a testimonial hearing unnecessary." Rosa v. United States, 170 F.Supp.2d 388, 398 (S.D.N.Y. 2001) (citing Chang v. United States, 250 F.3d 79, 84-86 (2d Cir. 2001)); United States v. Sapia, Nos. 02 Civ. 649 & S1 99 Cr. 1193, 2002 WL 620483, at *4, *7-8 (S.D.N.Y. Apr. 18, 2002) (quoting Rosa and finding evidentiary hearing unnecessary where petitioner could not "provide prima facie evidence" that counsel was ineffective for failing to investigate case fully), aff'd mem., 74 Fed. Appx. 157 (2d Cir. 2003).

9

"Where allegations in the petition are immaterial, conclusory and palpably false, there is no basis to conduct an evidentiary hearing." Ortega v. United States, 897 F.Supp. 771, 781-82 (S.D.N.Y. 1995). Because the petitioner's allegations in his petition are not supported by any affidavit or other evidence and are directly contradicted by the affirmations of his two trial counsel, no testimonial hearing is necessary.

### III.

The petitioner's final contention is that the instructions given to the jury precluded his use of a consent defense. Lu raised this precise issue on direct appeal and it was rejected. Si Lu Tian, 339 F.3d at 149-55. Where an issue has been litigated and decided on direct appeal, it may not be litigated again in a § 2255 petition. See United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) (per curiam). Because this issue was considered and rejected on direct appeal, there is no basis for reconsidering it on this petition.[2]

---

[2] There is no allegation that there has been an intervening change in the law. See Sanin, 252 F.3d at 83.

CONCLUSION

For the reasons explained above, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **denied**. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). The Clerk is directed to enter Judgment and to close this case.

SO ORDERED.

Dated: New York, New York
       May 2, 2006

　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　United States District Judge